IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **RAVINDER SINGH,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | **CAUSE NO. EP-25-CV-630-KC** |
| § | |
| **MARY DE ANDA-YBARRA et al.,** § | |
| § | |
| Respondents. § | |

# ORDER

On this day, the Court considered Ravinder Singh's Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1. Singh is detained at the ERO EL Paso Camp East Montana Detention Center in El Paso, Texas. *Id.* ¶ 7. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* at 13.

Singh was apprehended and released on his own recognizance shortly after he entered the United States in 2021. *Id.* ¶¶ 21–22. In its Show Cause Order, ECF No. 2, the Court noted that, "[a]s alleged, [Singh's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 2691828, at *1–13 (W.D. Tex. Sept. 22, 2025)." Show Cause Order 1. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Singh's case warrant a different outcome." *Id.* at 1.

Respondents declined the invitation. *See generally* Resp., ECF No. 3. They fail to discuss *Lopez-Arevelo* or explain why the Court's reasoning in that case does not compel the same result here. *See generally id.* In their only fleeting citation to it, they appear to concede that *Lopez-Arevelo* is directly on point and contrary to their legal position. *See id.* at 7 ("That the

alien in *Thuraissigiam* failed to request his own release in his prayer for relief does not make the holding any less binding here.  *But see Lopez-Arevelo v. Ripa*, No. 25-cv-337-KC, 2025 WL 2691828 (W.D. Tex. Sept. 22, 2025).").  As for this Court's other recent immigration habeas decisions, Respondents do not discuss, or even mention, them.  *See generally id.*

Instead, Respondents offer boilerplate.  Throughout its many decisions on this topic, the Court has rejected nearly every legal argument raised in the Response.[1]  *Compare* Resp. 1–9, *with, e.g.*, *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *1–14 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 2025 WL 2691828, at *1–13.  It is Respondents' prerogative to preserve these arguments for appeal.  Nevertheless, where they make no new legal arguments and no effort to distinguish the facts of this case from the Court's prior decisions, it follows that the same result is warranted here.

Thus, after careful consideration of the entire record,[2] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Singh's Petition is **GRANTED IN PART** on procedural due process grounds.

---

[1] Respondents make a novel argument that orders issued in the Central District of California regarding mandatory detention under 8 U.S.C. § 1225(b) are not preclusive and do not separately entitle Singh to the relief he requests.  Resp. 9–10.  The Court need not reach this issue because it finds that Singh succeeds on his own procedural due process claim, assessed independently of the California decision.

[2] The relevant facts are undisputed, *see* Resp. 1–2, and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

The Court **ORDERS** that, <u>**on or before December 26, 2025**</u>, Respondents shall either: (1) provide Singh with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Singh's continued detention; or (2) release Singh from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, <u>**on or before December 26, 2025**</u>, Respondents shall **FILE** notice informing the Court whether Singh has been released from custody.  If Singh has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph.  Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

<u>**There will be no extensions of the December 26, 2025, deadlines.**</u>

**SO ORDERED**.

**SIGNED this 17th day of December, 2025.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE